■ In the Matter of the Claim of NICHOLAS GRANICH, Respondent. MARQUETTE CEMENT Co., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Decision affirmed, without costs. No opinion. Koreman, P. J., Greenblott, Kane and Mikoll, JJ., concur; Larkin, J., dissents and votes to reverse in the following memorandum. Larkin, J. (dissenting). I respectfully dissent. In October, 1975 when the employer shut down its Catskill plant for an indefinite period a number of employees including the claimant herein had accrued and scheduled but unused vacation time. Vacation could not be cumulative from year to year and any employee having unused vacation time at the end of the year would receive payment for that portion of his vacation. Inasmuch as the company was shut down, the employer designated the last several weeks of the year as vacation weeks and the claimant was paid his regular salary for the several weeks of vacation time due him. The board found that under the circumstances herein the designation by the employer of vacation periods at the end of the year and the payment of salary to employees during the vacation periods did not constitute designated vacation periods within the meaning of the Unemployment Insurance Law and, therefore, the claimant became entitled to unemployment compensation benefits and supplemental unemployment benefits for the same period that he received his vacation pay. Other employees who had previously selected the last few weeks of 1975 as their vacation periods, are not entitled to unemployment insurance benefits, under this decision. The board's decision, now the majority decision of this court, would give vacation pay, unemployment benefits and supplemental unemployment benefits to one group of employees and no unemployment benefits or supplemental benefits to another group of employees, all of whom are involved in the same layoff and all of whom are on "vacation" at

the same time. In *Matter of Miranda (Crown Leather Goods Corp.—Catherwood)* (13 AD2d 571, 573), after recognizing that section 591 (subd 3, par [d]) of the Labor Law permitted a windfall to an employee with reference to vacation pay, this court stated "Apparently this legislation, well intended, needs revision, if similar injustices are to be avoided". The Legislature by chapter 794 of the Laws of 1963 rewrote section 591 of the Labor Law so as to correct the inequities (see memorandum of Commerce and Industry Association, NY Legis Ann, 1963, p 373). In the instant case, the inequity of payment of vacation pay and unemployment benefits for the same period of time is again approved by the board and by this court in the majority decision. The labored reasoning of the board, adopted by this court, is an attempt to evade the very purpose of the enactment of chapter 794 of the Laws of 1963. I would reverse and remit.